IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

HECTOR RIVERA

Plaintiff,

v.

MEADOWBROOK LAKES VIEW
CONDOMINIUM ASSOCIATION
"A" INC.

Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, HECTOR RIVERA, by and through his undersigned counsel, sue the Defendant, MEADOWBROOK LAKES VIEW CONDOMINIUM ASSOCIATION "A" INC, and for his causes of action, state the following:

## JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604 and 42 U.S.C. § 3617, because this lawsuit was brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Southern District of Florida, Ft. Lauderdale Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

3. Plaintiff HECTOR RIVERA currently owns and resides in 301 Southeast 3rd Street Apartment Unit #310 Dania Beach, Florida, 33004 and is otherwise *sui juris*.

4. Plaintiff HECTOR RIVERA was at all times material, and continues to be a person with a disability, as defined by 42 U.S.C. § 3062, as he is legally blind and mobility impaired. Due to his condition, he has a substantial limitation in mobility, requiring him to use a wheelchair at all times, and a handicap van with an extending/ retractable ramp. Furthermore, his vision impairment requires him to depend on an aide for transportation, assistance crossing the street, and general mobility support to navigate from one location to another.

5. Plaintiff HECTOR RIVERA is an aggrieved person who is a qualified person with a disability.

6. The Defendant, MEADOWBROOK LAKES VIEW CONDOMINIUM ASSOCIATION "A" INC (hereinafter "MEADOWBROOK LAKES"), is a Florida condominium association, licensed to and doing business in Broward County, Florida.

7. Defendant, MEADOWBROOK LAKES, is a person as defined under 42 U.S.C. § 3602 and § 760.22, Fla. Stat., and was in a position to discriminate against the Plaintiff, which it did.

**GENERAL ALLEGATIONS**

8. HECTOR RIVERA has both visual and mobility disabilities, as he is blind and relies on a wheelchair for mobility

9. Plaintiff HECTOR RIVERA is substantially limited in a major life activity solely by virtue of the substantial impairment of his mobility and visual systems, and therefore suffers from disability as defined by law.

10. MEADOWBROOK LAKES is a condominium located at 205 SE 11th Terrace, Dania, Florida 33004.

11. In 2014, Plaintiff HECTOR RIVERA purchased and moved into Unit #310 at MEADOWBROOK LAKES. Since the date of purchase, Plaintiff has continuously resided in this unit.

12. Immediately upon purchasing the unit, Plaintiff requested that the Board assign him a parking space that could accommodate his handicap-accessible van, which is equipped with an extending and retractable ramp to allow him to enter and exit the vehicle safely.

13. The Board initially assured Plaintiff that they would "look into" his request and further stated that there were existing handicap-accessible parking spaces available. However, despite these assurances, no action was taken to provide Plaintiff with a suitable parking space.

14. Plaintiff resides on the third floor of the building and requires the use of an elevator to access his unit. Plaintiff is forced to park at an unreasonable distance from the entrance, making it difficult for him to extend his ramp safely. As a result, Plaintiff is left waiting for his caretaker to assist him in navigating from his vehicle to his residence, creating an unnecessary burden on his daily mobility.

15. In or around January 2015, Plaintiff made a formal request for a closer and more accessible parking space to the then-President of the Board. The response was outright dismissive and discriminatory. The President stated, "*We don't care about handicapped parking spaces. This is private property, and you have your parking.*"

16. From 2016 through 2019, Plaintiff attended Board meetings and repeatedly raised his request for a handicap-accessible parking space. Despite his continuous efforts to engage with the Board in good faith and seek a reasonable accommodation, his requests were blatantly ignored.

17. In 2019, Plaintiff HECTOR RIVERA became an elected member of the Board. During a Board meeting held on May 28, 2019, Plaintiff formally renewed his request for a handicap-accessible parking space closer to his unit.

18. The Board continuously denied Plaintiff's request for a parking space accommodation.

19. On February 16, 2023, Sylvia Kadoch, a former Board member, attempted to advocate on Plaintiff's behalf by sending an email to the current Board. In this email, she formally requested that the Board finally grant Plaintiff the parking accommodation that had been agreed upon in the May 28, 2019, Board meeting.

20. In response, the Board denied the request, wrongfully claiming that they had no legal obligation to provide Plaintiff with a handicap-accessible parking space and that they did not have the authority to reassign parking spaces without owner authorization.

21. The 2016 Amendments to the Declaration of Condominium of Meadowbrook Lakes View Building H, Section "XXXVIII. Assignment of Parking Places" of the Declaration of Condominium states:

> "Each apartment dwelling unit shall have assigned to it by the Association no less than one parking place. The use of said parking place shall be in accordance with the Rules and Regulations of the Association, **but there shall be no reassignment of said parking place or denial of the use of said parking place without the consent of the owner of the apartment dwelling unit to which said parking place was assigned.** Said parking places constitute a part of the common area. **In the event anyone wishes to use a parking place which was assigned to another owner, written approval of both the owner of whom the parking place was assigned and the Association is required.** All vehicles must be registered with the Association regarding the authorized parking place for such vehicle. Any vehicle not parked in its authorized parking place is subject to tow at the owner's expense. Vehicle should be parked forward and not backed into a parking place." (emphasis addded)

22. This policy remains in effect to the date of this complaint

23. This practice unlawfully denies HECTOR RIVERA a reasonable accommodation for his parking space that his disability requires.

24. As a result of this policy and the failure to obtain the consent of HECTOR RIVERA's neighbors to voluntarily switch their parking spaces, HECTOR RIVERA's requests were denied.

25. This practice imposes an unreasonable burden on individuals seeking a reasonable accommodation for their disability. Requiring written approval from both the assigned owner and the Association creates unnecessary obstacles that hinder compliance with the Fair Housing Act.

26. There is no legitimate or compelling justification for maintaining this restrictive requirement.

27. HECTOR'S disability makes everyday tasks more challenging than they are for the average person. Although he uses a wheelchair for mobility, having to park far away creates significant frustration.

28. The failure to accommodate Plaintiff's reasonable request has caused him significant distress and humiliation. On multiple occasions, due to the prolonged wait times for assistance to get to his unit, Plaintiff has been forced to defecate and urinate in his wheelchair while waiting for his van to be parked in his parking space that is far from the building's elevator.

29. To this date, HECTOR RIVERA has still not received a parking space accommodation required because of his disability.

30. A closer, accessible parking spot for a person with a mobility impairment is the regulatory example of a reasonable accommodation under the fair housing act. 24

C.F.R. § 100.204 – example 2:

> *"A building with a parking lot contains a sufficient number of spaces to accommodate the number of tenants. However, there are no specifically designated accessible spaces. A mobility-impaired tenant requests a reserved space near the entrance of the building. The owner refuses, stating that it is his policy to provide parking on a first-come, first-served basis. The owner's refusal to make a reasonable accommodation is unlawful."*

31. Plaintiff, HECTOR RIVERA qualifies as a person with a disability under federal, state, and local laws, as he suffers from mobility and visual impairments that substantially limit his ability to walk and require the use of a cane, walker, or wheelchair, and substantially limit his ability to see.

32. Plaintiff repeatedly requested a designated accessible parking space in accordance with his medical needs, beginning in 2019 and continuing through 2023 and was denied due to the requirements of the unlawful policy.

33. Defendant's failure to assign a parking spot pursuant to the requests of Plaintiff HECTOR RIVERA to accommodate his disability is discriminatory and unlawful.

34. MEADOWBROOK LAKES' strict enforcement of its parking policy effectively denies HECTOR RIVERA a reasonable accommodation for his disability.

35. The policy prohibits the reassignment of parking spaces without unit owner and Associaiton's consent, preventing HECTOR from receiving a space closer to the building's elevator. As a result, he is forced to park far from the entrance, creating significant mobility and safety challenges due to his wheelchair use and blindness.

36. This rigid enforcement prioritizes administrative convenience over legal obligations to accommodate individuals with disabilities.

37. By refusing to modify the policy, MEADOWBROOK LAKES imposes an unnecessary

and discriminatory burden on HECTOR, who relies on a wheelchair and is blind.

38. This policy was deliberately implemented to permit the Defendant and the association residents to prevent the exercise of protected rights under the Fair Housing Act.

39. As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

40. Plaintiff HECTOR RIVERA is entitled to compensatory damages, punitive damages, reasonable attorneys' fees, costs, and any further relief this Court deems just and appropriate under 42 U.S.C. § 3613(c)(1) and § 760.35(2), Fla. Stat.

**WHEREFORE,** Plaintiff, HECTOR RIVERA demand judgment against Defendant, MEADOWBROOK LAKES VIEW CONDOMINIUM ASSOCIATION "A" INC., to ensure that discrimination in violation of the Fair Housing Acts do not occur in the future, to enjoin the Defendant from discriminating against the Plaintiff herein, and preventing discrimination to other persons based upon disability in the future as follows:

a. That the Court declare that Section "XXXVIII. Assignment of Parking Places" of the Declaration of Condominium, as applied, violates the Fair Housing Amendment Act by discriminating against persons with disabilities;

b. That the Court enjoin the Defendant from enforcing this policy against qualified persons with disabilities who request reassignment of a parking space because of a disability;

c. That the Court order the Defendant to provide a handicap parking spot so he can use his extending/ retractable ramp so he may enjoy ingress and egress from his home;

d. An award of appropriate compensatory and punitive damages to Plaintiff, HECTOR RIVERA against Defendant to compensate him for his actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendant's discriminatory actions and policies;

e. And grant any other such relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues so triable.

Dated this 26st day of February 2025.

By: /s/ *Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
Disability Inclusion and Advocacy Law Clinic
Nova Southeastern University,
Shepard Broad College of Law
3305 College Ave., Ft. Lauderdale, FL 33314
Telephone: 954-262-6063
Email: mdietz@nova.edu