UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60387-CIV-SMITH

HECTOR RIVERA,

       Plaintiff,

vs.

MEADOWBROOK LAKES VIEW
CONDOMINIUM ASSOCIATION
"A" INC.,

       Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Meadowbrook Lakes View Condominium Association "A" Inc's Motion to Dismiss [DE 9], Plaintiff's Response [DE 10], and Defendant's Reply [DE 17]. For the reasons set forth below, the Motion is granted.

**I.    Background**

In 2014, Plaintiff purchased and moved into a unit at Meadowbrook Lakes[1] where he continues to reside. (Compl. ¶ 11.) Immediately upon purchasing the unit, Plaintiff requested that the Board assign him a parking space that could accommodate his handicap-accessible van, which is equipped with an extending and retractable ramp to allow him to enter and exit the vehicle safely. (*Id*. at ¶ 12.) Despite assurances that he would be accommodated, Plaintiff alleges no action was taken to provide him with a suitable parking space. (*Id*. at ¶ 13.) In or around January 2015, Plaintiff made a formal request for a closer and more accessible parking space to the then-President

---

[1] Meadowbrook Lakes is a part of Meadowbrook Lakes View Condominium Association "A" Inc

of the Board and was denied. (*Id*. at ¶¶ 15-18.) Plaintiff alleges that in 2016, Meadowbrook Lakes made an Amendment to its Declaration of Condominium which provided in relevant part that:

> Each apartment dwelling unit shall have assigned to it by the Association no less than one parking place. The use of said parking place shall be in accordance with the Rules and Regulations of the Association, but there shall be no reassignment of said parking place or denial of the use of said parking place without the consent of the owner of the apartment dwelling unit to which said parking place was assigned. Said parking places constitute a part of the common area. In the event anyone wishes to use a parking place which was assigned to another owner, written approval of both the owner of whom the parking place was assigned and the Association is required.

(*Id*. at ¶ 21.) The Amendment expressly prohibited the Association from unilaterally reassigning owners' parking spots without their consent. (*Id*.) Despite being previously denied, Plaintiff made additional requests for an accommodation from 2016-2019 and was again denied. (*Id*. at ¶¶ 17-18.) Plaintiff alleges that Defendant's practice of requiring owners' consent prior to the reassignment of parking spots imposes an unreasonable burden on his individual right to reasonable accommodation for his disability in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. ("FHA"). (*Id*. at ¶ 25.)

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss, the district court must view the complaint in the light most favorable to the plaintiff. *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, courts are not "bound to accept as true a legal conclusion couched as a factual

allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). As such, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). While the court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery to prove the allegations. *See Durham v. Whitney Info. Network, Inc.*, No. 06-CV-00687, 2009 WL 3783375, at *5 (M.D. Fla. Nov. 10, 2009) (Plaintiff sues defendant for securities fraud, alleging false statements about revenue).

### III. DISCUSSION

Defendant seeks to dismiss Plaintiff's Complaint arguing, *inter alia*, that Plaintiff's claims are time barred. Plaintiff contends that the continuing violation doctrine tolls the statute of limitations preventing dismissal. Viewing the allegations as true and considering them in the light most favorable to Plaintiff, Plaintiff has failed to seek relief within the applicable statute of limitations.

Under the FHA, an individual may sue "[no] later than 2 years after the *occurrence* or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A) (emphasis added). A statute of limitations begins to run when "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Hipp v. Liberty Nat'l Ins. Co.,* 252 F.3d 1208, 1222 (11th Cir. 2001) (quotation marks and citations omitted). The continuing violation doctrine "is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably

prudent person similarly situated." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir.2001) (citation omitted). The Eleventh Circuit has stated that it has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Center for Biological Diversity v. Hamilton,* 453 F.3d 1331, 1335 (11th Cir.2006) (internal citations omitted). Accordingly, "[i]f an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine ...." *Hipp,* 252 F.3d at 1222.

Here, Plaintiff sought and was denied a request for an accommodation at the earliest in 2015. As alleged, the then-President of Defendant's Board stated, "We don't care about handicapped parking spaces. This is private property, and you have your parking." (DE 1, ¶15.) Defendant then made Amendments to its Declaration of Condominium in 2016. From 2016 through 2019 Plaintiff again sought accommodations and each time was denied. Notwithstanding Defendant's alleged refusals, Plaintiff did not file suit until February 2025. Although Plaintiff argues that Defendant's conduct amounts to a continual violation which should toll the statute of limitations, Plaintiff was aware of the bases for his purported FHA claim, for more than nine years and has had grounds for suit under the FHA for more than 10 years, long before expiration of the limitations period. But Plaintiff failed to take any action during that time. Accordingly, Plaintiff's FHA claims are barred by the FHA's two-year statute of limitations. *See Roberts v. Gadsden Mem'l Hosp.*, 850 F.2d 1549, 1550 (11th Cir. 1988) (finding a claim of a "continuing" injury was time-barred when the plaintiff knowingly failed to exercise his rights).

Accordingly, it is

**ORDERED** that

1. Defendant's Motion to Dismiss [DE 9] is **GRANTED**.

2. Plaintiff's Complaint [DE 1] is **DISMISSED**.

3. All pending motions are denied as **MOOT**.

4. This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 8th day of August, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:    counsel of record